| | |
|---|---|
| KIRBY AISNER & CURLEY LLP<br>*Attorneys for the Debtor*<br>700 White Plains Road, Suite 237<br>Scarsdale, New York 10583<br>Tel: (914) 401-9500<br>Dawn Kirby, Esq.<br>dkirby@kacllp.com | Hearing Date: August 21, 2025<br>Hearing Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

WILLIAM CURTIS WOOD,

                   Debtor.

Chapter 7
Case No. 24-11718 (DSJ)

-----------------------------------------------------------X

## DEBTOR'S LIMITED RESPONSE TO MOTION OF TAMARA FOX
## FOR RELIEF FROM THE AUTOMATIC STAY

**TO:** **THE HONORABLE DAVID S. JONES,**
       **UNITED STATES BANKRUPTCY JUDGE:**

William Curtis Wood, the above captioned debtor and debtor-in-possession (the "Debtor"), by his attorneys Kirby Aisner & Curley, LLP, submits this limited response (the "Response") to the motion (the "Lift Stay Motion") of Tamara Fox for relief from the automatic stay, and respectfully represents as follows:

    1.    On February 28, 2025, Debtor's counsel filed a motion for sanctions for violation of the automatic stay (the "Sanctions Motion") [ECF No. 18]. On May 13, 2025, the Court issued a decision (the "Decision") on the motion [ECF No. 27].

    2.    The Lift Stay Motion accuses the Debtor of acting in "bad faith" by filing the instant chapter 7 case. [Lift Stay Motion, ¶¶ 7]. Further, that "Debtor's very commencement of this case appears to be a disfavored use of bankruptcy process as a weapon in his matrimonial proceeding against his wife." [Lift Stay Motion, ¶16(d), Decision ¶10]. Finally, it is asserted the Debtor has

used "misconduct and obstructionist tactics" [Lift Stay Motion ¶34] and "will go to great lengths to delay the resolution of this Bankruptcy matter [Lift Stay Motion ¶35].

3. The Debtor takes issue with these baseless accusations. If Ms. Fox and her attorneys had abided by the automatic stay in the first place, the Debtor never would have had to spend his resources in bringing the motion to enforce the automatic stay.

4. Nor has Ms. Fox or her attorneys tried to contact Debtor's counsel to negotiate a consensual lift stay stipulation. It is Debtor's counsel's practice to recommend cooperation to the client. To be clear, the Debtor does not object to modification of the stay to permit the matrimonial court to decide the issues pending before it.

5. Most importantly, Debtor's counsel mistakenly included a reference to the Debtor's motivation to filing this chapter 7 case in the Sanctions Motion ¶10, which must be addressed in order to make clear that the Debtor has not been acting in bad faith or for delay purposes.

6. The Debtor first sought counsel from his bankruptcy counsel in **May 2024.** As with many divorce situations, the Debtor was experiencing financial hardship. At that time, the Debtor received from his counsel a proposed Chapter 13 retainer agreement.

7. This was *long before* the decision in the matrimonial court directing him to pay his wife's legal retainer for an upcoming trial, and long before the court issued the contempt decision. The motivation for his bankruptcy filing in fact was not the contempt decision.

8. When counsel for the Debtor provided him with a draft of the Sanctions Motion, he asked counsel to remove the reference in paragraph 10. Counsel mistakenly did not.

9. One major benefit to the Debtor, and indeed Ms. Fox, of this Bankruptcy case is that the Debtor is anticipated to receive a discharge from $466,243.55 in non-priority unsecured claims. This will provide the Debtor with a greater ability to use his income to pay costs related

to continued maintenance of the family such as school tuition. This case inures to the benefit of both parties.

10. In addition, the Debtor clearly included Ms. Fox as a creditor in his case and honestly marked her claim as a "Matrimonial Debt".

11. Later, in October 2024, the Debtor, after consultation with counsel, determined that Chapter 7 would be more appropriate.

12. The unfortunate reference to addressing the contempt motion, which the Debtor asked his counsel to remove from ¶10 of the Sanctions motion, should not eclipse the legitimate purpose of this case – assisting a debtor in financial distress with obtaining a more stable financial position and a free start – the pillars of the Bankruptcy process.

13. The Debtor requests that any order granting relief from the automatic stay make clear that the Court's ruling is based solely on matters relevant to the statutory criteria for stay relief under 11 U.S.C. § 362(d)(1), and that the Court has not considered, and does not rely upon, any allegations in the Motion or its exhibits that are unrelated to those criteria.

14. By filing this limited response, the Debtor does not admit or concede the accuracy of any allegations, statements, or characterizations in the Motion or its exhibits, including any such characterizations referenced in prior decisions of this Court, except to the extent any matter has been specifically and finally adjudicated as a material fact after full evidentiary hearing. For avoidance of doubt, nothing in this filing shall be construed as an admission of, and the Debtor respectfully disputes, any characterization or suggestion — including in this Court's May 13, 2025 Decision — that the Debtor commenced this case in bad faith or for any improper purpose.

15. The Debtor expressly preserves and does not waive (i) all appellate rights with respect to this Court's May 13, 2025 Decision and June 3, 2025 Order; and (ii) all rights to seek

relief from all related filings, decisions, and orders pursuant to Fed. R. Civ. P. 60(b), as incorporated by Fed. R. Bankr. P. 9024.

                                      Respectfully submitted,

Dated: Scarsdale, New York      KIRBY AISNER & CURLEY LLP
       August 14, 2025              *Attorneys for the Debtor*

                                      */s/ Dawn Kirby*
                             By:_____
                                  Dawn Kirby, Esq
                                  700 White Plains Road, Suite 237
                                  Scarsdale, New York 10583
                                  (914) 401-9500